PER CURIAM.
Sean Patrick Smith, a minor, suffered brain atrophy after he nearly drowned in the swimming pool at the Best Western New Tower Inn (the Inn), an independently owned and operated affiliate of Best Western International (BWI). Smith’s parents brought this diversity action against the Inn and BWI for negligence, breach of implied warranty, and negligent infliction of emotional distress. During the jury trial, the Inn and the Smiths entered into a high-low agreement. Following the close of all evidence, the district court directed a verdict in BWI’s favor on claims that it was independently negligent, but the court submitted the case to the jury on the claim that the Inn was an agent of BWI. The jury found the Inn was negligent and, although there was no actual agency relationship between the Inn and BWI, the Inn was BWI’s apparent agent. The jury awarded the Smiths $55,000 for future medical expenses, which the district court reduced to $49,500 to account for contributory negligence, and $6,910,373 in damages. The district court entered judgment against both BWI and the Inn for the full amount, and denied BWI’s post-trial motions. Under the high-low agreement, the Inn paid the Smiths six million dollars.
On appeal, BWI argues it is entitled to judgment as a matter of law for two reasons. First, BWI contends the Smiths’ agreement with the Inn extinguished liability and released the claims against BWI. Second, BWI asserts there was no apparent agency relationship between BWI and the Inn, and the Smiths did not reasonably rely on any apparent agency in deciding to stay there. The district court concluded that under Nebraska law, the agreement did not discharge BWI because the agreement expressly reserved the Smiths’ right to proceed against BWI for collection of any verdict. As for apparent agency, the district court examined state law and concluded there was sufficient evidence introduced at trial to submit the issue to the jury. Having carefully reviewed the record, we agree with the district court and affirm this diversity case for the reasons stated in the district court’s memorandum and order. See 8th Cir.R. 47B.